UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| ALBERT DONNIE WILSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 1:04-CV-391/1:03-CR-153 |
| v. ) | |
| ) | *Chief Judge Curtis L. Collier* |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**M E M O R A N D U M**

This matter comes before the Court on the *pro se* motion of Albert Donnie Wilson ("Wilson") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Court File No. 1). The Government filed a response to Wilson's motion (Court File No.7). The Court finds the materials thus submitted, together with the complete record of the underlying criminal case,[1] conclusively show Wilson is not entitled to relief on the claims asserted in his § 2255 motion. Accordingly, the Court will decide those matters without an evidentiary hearing, *see United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir.), *cert. denied*, 508 U.S. 943 (1993), and will **DENY** Wilson's motion for the reasons stated herein.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Wilson was indicted on July 8, 2003. He was charged in Counts One and Three with attempt

---

[1]In accordance with Rule 4(b) of the Rules Governing Section 2255 Proceedings, the Court has considered all of the pleadings and filings in Wilson's § 2255 motion (1:04-cv-391), which will be cited by the Court File Number assigned to the particular pleading or motion (*e.g.*, "Court File No. 1"), and all the files, records, transcripts, and correspondence relating to Wilson's conviction in Criminal Docket No. 1:03-CR-153, which will be referred to by the Court File Number assigned to the particular matter in the underlying criminal case (*e.g.*, "Crim. Court File No. 1").

to manufacture methamphetamine in violation of 21 U.S.C. § 846 and in Counts Two and Four with possession of equipment, chemicals, products and materials which may be used to make methamphetamine in violation of 21 U.S.C. § 843(a)(6). (Crim. Court File No. 10).

Wilson pleaded guilty on September 4, 2003, to Count Three of the Indictment (Crim. Court File No. 24). The factual basis filed with the Court stated:

> On June 13, 2003, in McMinn County, in the Eastern District of Tennessee, firemen responded to a fire at the residence of Albert Donnie Wilson and Traci Evans. Wilson and Evans had only recently rented the residence, which was almost completely destroyed by the fire. Firemen and police found inside the residence, and outside next to the residence, various items used in the making of methamphetamine, including iodine crystal, Coleman fuel, . . . . In Wilson's car, parked nearby, police found iodine crystal, HEET in line anti-freeze, 200 coffee filters, tubing, muriatic acid, propane fuel, a mason jar containing a milky white liquid, and a fire extinguisher. Wilson was there when the firemen arrived. Evans was there when the fire started, but she went to a local hotel before firemen arrived. Both were advised of and waived their Miranda rights.
>
> Wilson stated he had been cooking methamphetamine when the fire started. He said he was not a drug pusher, he just made methamphetamine for he and Evans to use. Evans stated she had gone to Wal-Mart to get some "fuel," went back to the residence, and left when the fire started. On March 29, 2003, in Monroe County, in the Eastern District of Tennessee, Wilson and Evans were together in an apartment when police knocked on their door. Inside the apartment police found acetone, camping fuel, HEET in line antifreeze, pseudoephedrine, Red Devil lye, used coffee filters, 35 cases of matches, 200 new coffee filters, aluminum foil, and tubing.

(Crim. Court File No. 25).

The probation officer prepared a Presentence Report ("PSR") and distributed the original draft to the parties on December 2, 2003 and distributed the revised PSR on December 16, 2003. The revised draft of the PSR noted Wilson should be held accountable for 30.24 grams of pseudoephedrine, which converted to 302.4 kilograms of marijuana, according to Application Note 10 to USSG. §2D1.1 (PSR, ¶¶18-20). This set the base offense level at 26 (*Id.*). The PSR also recommended a three-level enhancement for creating a substantial risk of harm to the responding

firefighters and the neighbors in close proximity to the burning trailer (*Id.* at ¶ 26). Wilson received a three-level reduction for acceptance of responsibility, resulting in an offense level of 26 (*Id.* at ¶¶ 31-36). His criminal history category was III (*Id*. at ¶ 70). The maximum term of imprisonment Wilson faced with Count Three was 30 years (*Id.* at ¶ 69). Wilson's counsel, attorney Anthony Martinez, filed no objections to the PSR on Petitioner's behalf. On December 19, 2003, Wilson was sentenced to 87 months (7.25 years). (Crim. Court File No. 29).

Wilson did not appeal his sentence to the United States Court of Appeals for the Sixth Circuit (the "Sixth Circuit"). Therefore, his sentence became final ten days after he was sentenced. Wilson claims he received ineffective assistance of counsel for a variety of reasons. For the reasons stated below, these claims provide no basis to grant his motion.

## II.     STANDARD OF REVIEW

Section 2255 of Title 28 of the United States Code permits a prisoner in custody under sentence of a federal court to move the court that imposed the sentence to vacate, correct, or set aside that sentence, on the grounds:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. § 1331. The movant has the burden of establishing any claim asserted in the petition. *See Bowers v. Battles,* 568 F.2d 1, 5 (6th Cir. 1977), *cert. denied*, 436 U.S. 910 (1978); *Mayes v. United States,* 93 F. Supp. 2d 882, 886 (E.D. Tenn. 2000).

Where a constitutional error is alleged, in order to obtain relief under § 2255 the record must

reflect a constitutional error of such magnitude that it had a substantial and injurious effect or influence on the proceedings. *See Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). In order to prevail on a § 2255 motion alleging non-constitutional error, a petitioner must show a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Riggs v. United States*, 209 F.3d 828, 831 (6th Cir.), *cert. denied*, 531 U.S. 884 (2000); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). Thus, "[a] motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001), *cert. denied*, 535 U.S. 967.

All of Petitioner's claims rest on allegations of ineffective assistance of counsel. The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. As with any other claim under § 2255, the burden of proving ineffective assistance

4

of counsel is on the petitioner. *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of the test set forth in *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. A defendant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690, 104 S. Ct. at 2066. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires the petitioner show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691, 104 S. Ct. at 2066. The petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694, 104 S. Ct. at 2068. The *Strickland* Court emphasized both prongs must be established in order to meet the claimant's burden, and if either prong is not satisfied the claim must be rejected, stating:

> Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result.

*Id.* at 697, 104 S. Ct. at 2069.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Court held the two-part *Strickland* test is applicable in the context of guilty pleas. Therefore, the defendant must show defense counsel's representation fell below an objective standard of reasonableness and there was a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Id.* at 370-71.

Petitioner has not met his heavy burden. Not only has he failed to demonstrate counsel's performance was deficient, he has failed to allege or submit any proof that, but for counsel's errors, he would have pleaded not guilty and demanded a trial.

### III. DISCUSSION

Wilson presents six arguments which he claims, individually and when taken together, amount to ineffective assistance of counsel. Wilson contends counsel was ineffective for failing to object to and appeal the following issues: (1) the omission of language in Count Three specifically alleging a violation of 21 U.S.C. § 841; (2) the Court's improper enhancement of petitioner's sentence based on drug amounts not alleged in the indictment; (3) the PSR's contention that Petitioner should be held accountable for 30.24 grams of psuedoephedrine, rather than 25.92 grams; (4) the "enhancement" pursuant to U.S.S.G. §2D1.1(b)(5)(B), when the enhancement was not charged in the indictment; (5) the constructive amendment of the indictment; and (6) his sentence for "conspiracy."

#### A. Counsel's Failure to Object to Amendment of Indictment

Wilson pleaded guilty to Count Three of the indictment without benefit of a plea agreement.

Wilson contends the indictment was flawed because Count Three failed to reference 21 U.S.C. § 841 (the knowing and intentional manufacture of methamphetamine) but rather, only charged a violation under 21 U.S.C. § 846 ("Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy"). Thus, in claims one and five Wilson argues, respectively, counsel was ineffective for failing to challenge the omission of any reference to 21 U.S.C. § 841 in the indictment and the alleged amendment of the indictment when the government and court included an offense under 21 U.S.C. § 841.

First, Wilson contends counsel was ineffective for failing to challenge the omission of any reference to 21 U.S.C. § 841 in the indictment. This claims is without merit. Rule 7 of the Federal Rules of Criminal Procedure provides that "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment ....or to reverse a conviction." There is nothing in the record to indicate that Wilson was prejudiced by this alleged error. Wilson did not object to the presentence report which reflected Wilson was being sentenced for attempt to manufacture methamphetamine in violation of 21 U.S.C. §§ 846 & 841 (b)(1)(C). The Court specifically asked counsel if Wilson had any objections to the PSR and counsel stated Wilson had no objection. The indictment fairly put Wilson on notice that he was charged with knowingly, intentionally, and without authority attempting to manufacture methamphetamine as did the factual basis and the Court's inquiry at his plea. The failure of the indictment to cite 21 U.S.C. § 841 is not fatal.

Wilson also argues counsel was ineffective for not objecting to the alleged amendment of the indictment. Wilson is mistaken as the indictment was not amended. The record reflects that

7

Wilson was neither misled nor prejudiced by the omission of the statutory reference in the indictment. Although the indictment did not specifically reference 21 U.S.C. § 841, the indictment charged a crime under 21 U.S.C. § 841 and Wilson was put on notice of the crime to which he pleaded guilty. The Court personally addressed Wilson and explained to him the government would have to prove beyond a reasonable doubt he intended to commit the crime of manufacturing methamphetamine and he committed some overt act that was a substantial step towards committing the crime of manufacturing methamphetamine. Wilson responded he understood the charges in Count Three of the indictment, to which he was pleading guilty, consisted of those elements for a conviction for attempt to manufacture methamphetamine (Rearraignment Transcript "RT" at 9 & 10). Moreover, Wilson agreed he violated 21 U.S.C. § 841 when he agreed to the factual basis presented by the government. (Crim. Court File No. 25).

Furthermore, in this § 2255 proceeding, Wilson bears the burden of proving he is entitled to relief by a preponderance of the evidence. *McQueen v. United States*, 58 Fed.Appx. 73, 76 (6th Cir. 2003), 2003 WL 68144 ("Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence."). Wilson has not met his burden of proof as he has not demonstrated counsel was deficient for failing to challenge the indictment's failure to cite to the statute, *i.e.,* 21 U.S.C. § 841. In addition, Wilson has not demonstrated his indictment was amended as the indictment alleged all of the essential elements of the crime of attempt to manufacture methamphetamine. Therefore, there was no amendment of the indictment.

In sum, the indictment satisfies the sufficiency requirement because it put Wilson on notice that he was charged with attempt to manufacture methamphetamine, a violation of 21 U.S.C. §§ 846

& 841(b)(1)(C). *See Russell v. United States*, 369 U.S. 749 (1962) ("Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused."). The indictment's omission of the statute of the charged offense does not render the indictment fatally flawed. Moreover, Wilson has not demonstrated, nor can he demonstrate that he was prejudiced by the omission of the statutory reference in the indictment because the indictment included the essential elements of the crime of attempt to manufacture methamphetamine. In addition, to demonstrate prejudice in this situation Wilson is required to demonstrate that but for counsel's alleged error, he would have proceeded to trial. Wilson has not made such a claim, nor does the record before the Court support such a claim.

The Court concludes the indictment was neither amended nor fatally flawed as it alleged all the essential elements of the crime of attempt to manufacture methamphetamine. The indictment's failure to cite the statute did not prejudice Wilson. Accordingly, this claim is without merit.

### B. Alleged Apprendi Violations

The thrust of Wilson's ineffective assistance allegations in claims two and four address the performance of his trial counsel during sentencing and for his failure to file a direct appeal. The Court will address the claims that he presumably brings in reliance upon *Apprendi v. New Jersey,* 530 U.S. 466 (2000). Although Wilson does not cite to *Apprendi* in claims two and four, Wilson alleges *Apprendi*-type errors. Wilson's second claim attacks counsel's performance for failing to object to or appeal the enhancement of his sentence for "drugs and/or phantom drugs which were not charged in the indictment." (Court File No. 1). In claim four, Wilson attacks counsel's performance for failing to object to or appeal the enhancement of this sentence under United States Sentencing Guidelines ("USSG") § 2D1.1(b)(5)(B) for creating a substantial risk of harm to the

9

responding firefighters and neighbors in close proximity to the burning trailer, which was not charged in the indictment. The Court will address the claims after explaining the applicable law.

Although petitioner did not cite to *Apprendi*, the Court construes his attacks on sentence enhancements not charged in the indictment as *Apprendi* claims since *Apprendi* was decided prior to his criminal proceedings.[2] In *Apprendi* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." In federal prosecutions, such facts must also be charged in the indictment. *Id.* at 476; United *States v. Cotton*, 535 U.S. 625, 627 (2002). However, the *Apprendi* rule is not triggered so long as the defendant is sentenced below the prescribed statutory maximum; thus, the rule is simply not implicated if a sentence is based on a fact that raises or imposes the statutory minimum, so long as the sentence imposed does not exceed the statutory maximum. *Harris v. United States*, 536 U.S. 545, 567-69(2002). In addition, *Apprendi* does not require prior convictions to be proven by the jury or charged in the indictment. *United States v. Cleaves*, 299 F.3d 564, 570 (6th Cir. 2002).

In the instant case, Wilson has not been sentenced to a term of imprisonment above the default statutory maximum for the crime of conviction. Wilson pleaded guilty to attempting to manufacture methamphetamine, a crime prohibited by 21 U.S.C. § 841(a)(1) and 846. The count for which Wilson was convicted did not specify a quantity of methamphetamine, thus, he was sentenced pursuant to 21 U.S.C. § 841(b)(1)(C), the default statutory provision. The maximum

---

[2] These claims are not construed as an attack pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004) or *United States v. Booker*, 543 U.S. 220 (2005), as they were both decided subsequent to Wilson's conviction and sentence becoming final and neither is retroactively applicable on collateral review.

sentence for attempt to manufacture methamphetamine for any amount less than 50 grams of methamphetamine is twenty (20) years. However, in Wilson's case he was facing a thirty (30) year sentence because he committed the instant crime after a prior conviction for a felony drug offense had become final and the government filed a timely enhancement notice. *Apprendi* is inapplicable because it does not apply to a sentencing judge's findings unless those findings increase the sentence above the "default statutory maximum," which is the statutory maximum determined from only those facts alleged in the indictment. Wilson was sentenced to eighty-seven (87) months (7.25 years), far less than the twenty years and the enhanced thirty year sentences under 21 U.S.C. § 841(b)(1)(C). The Supreme Court of the United States has determined *Apprendi* and the Constitution requires only facts that increase the statutory maximum sentence to be submitted to the jury and proved beyond a reasonable doubt. *Harris v. United States*, 536 U.S. at 565 (2002). In *Harris* the Supreme Court noted:

> Whether chosen by the judge or the legislature, the facts guiding judicial discretion below the statutory maximum need not be alleged in the indictment, submitted to the jury, or proved beyond a reasonable doubt. When a judge sentences the defendant to a mandatory minimum, no less than when the judge chooses a sentence within the range, the grand and petit juries already have found all the facts necessary to authorize the Government to impose the sentence. The judge may impose the minimum, the maximum, or any other sentence within the range without seeking further authorization from those juries-and without contradicting *Apprendi*.

*Harris*, 536 U.S. at 565.

Wilson pleaded guilty to Count Three of the indictment. Thus, Wilson admitted that on June 13, 2003, he attempted to manufacture methamphetamine. Although Wilson did not plead guilty to attempting to manufacture a specific amount of methamphetamine, he did plead guilty to attempting to manufacture methamphetamine. Since the indictment did not allege a specific drug quantity, the Court looks to the section of 21 U.S.C. § 841 covering the least amount of

methamphetamine to determine Wilson's sentence. In this case, the section of the statute under which Wilson was sentenced is 21 U.S.C. § 841(b)(1)(C). Since the quantity of drugs omitted from the indictment did not cause Wilson's sentence to exceed the statutory maximum of 21 U.S.C. § 841(b)(1)(C), no *Apprendi* violation occurred. Thus, counsel was not deficient for failing to raise *Apprendi* at sentencing or on direct appeal.

In addition, the Court observes that Wilson is not claiming his sentence was based on drugs which he did not possess or attempt to manufacture. Rather, Wilson just asserts that his sentence was enhanced by drug amounts not included in the indictment. Likewise, in claim four he does not deny the enhancement under USSG § 2D1.1(b)(5)(B) is applicable to his case, rather he contends counsel failed to object or appeal the omission of the enhancement from the indictment. Wilson does not deny his involvement in the crime nor the applicability of either enhancement to his sentence.

In sum, because Wilson's sentence is within the applicable statutory maximum pursuant to 21 U.S.C. § 841(b)(1)(C), and because *Apprendi* "applies only where a fact found by a judge increases the otherwise applicable statutory maximum sentence," Wilson's sentence complies with *Apprendi*. Consequently, he has failed to demonstrate the conduct of his attorney was deficient and fell below the objective standard of reasonableness. Moreover, Wilson has failed to show his attorney's alleged errors caused him to suffer any actual prejudice. Accordingly, Wilson is **DENIED** relief on his claim of ineffective assistance of counsel for failure to raise an *Apprendi* claim regarding the failure to charge a specific quantity of drugs in the indictment and failure to charge the § 2D1.1(b)(5)(B) enhancement in the indictment.

**C.** **Increase in Amount of Pseudoephedrine**

Wilson's third claim is poorly pled and difficult to decipher. In this claim he asserts counsel was ineffective for failing to object and appeal the increase of pseudoephedrine from 25.92 grams to 30.24 grams which Wilson claims increased his guidelines. Presumably, Wilson is challenging the Court's application of relevant conduct. The quantity of pseudoephedrine involved in the June 13, 2003 incident, to which he pleaded guilty, was 25.92 grams. This drug amount was increased to 30.24 grams, based on other relevant conduct, *i.e.* 4.32 grams of pseudoephedrine,[3] from the March 19, 2003 incident, referred to in Counts One and Two of the indictment, which were dismissed.

Drug quantity determinations are not limited to the amounts involved in the offense of conviction. Rather, a defendant may be held responsible for drug quantities involved in his "relevant conduct." USSG § 1B1.3. Wilson is challenging the district court's application of relevant conduct which consists of 4.32 grams of pseudoephedrine recovered by law enforcement on March 19, 2003, from an apartment occupied by Wilson and his co-defendant. Wilson pleaded guilty to Count Three of the indictment which charged him with attempting to manufacture methamphetamine on June 13, 2003, and involved 25.92 grams of pseudoephedrine. The Court added 4.32 grams of pseudoephedrine as relevant conduct. However, contrary to Wilson's contention, the addition of that amount did not increase his guideline range.

The quantity of drugs found during the March 19, 2003 incident, 4.32 grams of pseudoephedrine, was added to the quantity of drugs confiscated from June 13, 2003 incident, 25.92

---

[3] Wilson was involved in two separate arrests. The March 19, 2003 incident involved 4.32 grams of pseudoephedrine. The count to which he pleaded guilty involved an incident which occurred on June 13, 2003, and involved 25.92 grams of pseudoephedrine. The government agreed to dismiss the counts relative to the March 19, 2003 incident.

13

grams of pseudoephedrine, for a total amount of 30.24. Wilson has not identified the grounds upon which counsel should have attacked the amount of drugs attributable to him, nor does the Court find anything in the record that would have supported such a challenge. In addition, the Court observes that Wilson does not dispute the amount of drugs upon which his sentence is based, but rather, he challenges the "increase from 25.92 grams of pseudoephrine [sic] to 30.24 grams ...within the Pre-Sentence Investigation Report." Nevertheless, whether Wilson was held accountable for 30.24 grams of pseudoephedrine or 25.92 grams, his base offense level would have been 26. Pursuant to USSG § 2D1.11(d) at least 10 grams but less than 40 grams established a Level 26. Therefore, assuming for the sake of discussion that counsel's failure to challenged the quantity of drugs amounted to deficient performance, Wilson did not suffer any prejudice, thus, he did not receive ineffective assistance of counsel.

Accordingly, Wilson is **DENIED** relief on his claim that counsel was ineffective for failing to challenge the quantity of 30.24 grams of pseudoephedrine.

### D. Conspiracy

In his sixth claim, Wilson contends counsel was ineffective for failing to object to and appeal his conviction for conspiracy when conspiracy was not charged in the indictment. Wilson is mistaken as he was not convicted of conspiracy. Accordingly, relief on his conspiracy claim will be **DENIED**.

### E. Cumulative Error

Lastly, Wilson contends the cumulation of all of these errors entitle him to § 2255 relief. The Court declines Wilson's invitation to grant him relief on the alleged cumulation of errors as the Court has found there were no errors. Accordingly, relief on his cumulative-error claim is

**DENIED**.

IV. <u>**CONCLUSION**</u>

For the reasons set forth above, the Court concludes Wilson is not entitled to any relief under 28 U.S.C. § 2255 as his conviction and sentence are not in violation of the Constitution or laws of the United States.

A separate judgment will enter **DENYING** Wilson's § 2255 motion.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**